IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AMERICAN CONTRACTORS INDEMNITY COMPANY D/B/A TEXAS BONDING COMPANY<br><br>*Plaintiff*,<br><br>v.<br><br>WILSON COUNTY CONSOLIDATED SERVICES, LLC AND LAURA SECREST,<br><br>*Defendants*. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 5:20-cv-1295 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff American Contractors Indemnity Company d/b/a Texas Bonding Company (the "**Surety**") complains of Wilson County Consolidated Services, LLC ("**WCCS**"), and Laura Secrest ("**Secrest**") (collectively, the "**Defendants**") and respectfully states as follows:

### PARTIES

1. Plaintiff American Contractors Indemnity Company d/b/aTexas Bonding Company is a California corporation.

2. Defendant Wilson County Consolidated Services, LLC is a Texas limited liability company with its principal place of business in La Vernia, Wilson County, Texas. WCCS may be served with summons through its registered agent, Ronald J. Johnson at 111 Soledad, Suite 1350, San Antonio, Texas 78205, or wherever he may be found.

3. Defendant Laura Secrest, an individual resident of La Vernia, Wilson County, Texas, may be served with summons at 1963 County Road 361, La Vernia, Texas 78121, or wherever she may be found.

### JURISDICTION AND VENUE

4. This Court has jurisdiction in this matter predicated on 28 U.S.C. § 1332. The parties are diverse, and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### I.     FACTUAL BACKGROUND

6. The Surety issued an annual freight broker bond identified as bond No. 100390794 to cover the period from April 17, 2019 to April 17, 2020 (the "**Bond**") on behalf of WCCS pursuant to the requirements promulgated by the Federal Motor Carrier Safety Administration.

7. On April 18, 2018, to induce the Surety to issue bonds, including the Bond, acting individually and as the authorized representative of WCCS, Secrest executed an Indemnity Agreement (the "**Indemnity Agreement**") in favor of the Surety for any and all loss or expenses the Surety incurs from, among other things, issuing the Bond. A true and correct copy of the Indemnity Agreement is attached hereto as "**Exhibit A**" and fully incorporated herein by reference for all purposes.

8. Under Paragraph 3 of the Indemnity Agreement, it states:

> The undersigned agree to indemnify Surety against all losses, liabilities, costs, damages, attorneys' fees and expenses the Surety may incur or has incurred due to the execution and issuance of the Bond on, before or after this date, including those incurred in connection with the enforcement of the terms of this indemnity agreement.

9. Under Paragraph 6 of the Indemnity Agreement, it states:

> The undersigned, upon written demand, shall deposit with the Surety a sum of money requested by Surety to cover any claim, suit, expense or judgment that Surety may in its absolute discretion determine is necessary and the deposit shall be pledged as collateral security on the Bond or other bonds the Surety may have issued for the undersigned. The undersigned hereby irrevocably appoint Surety as their attorney in fact to execute any documents necessary to perfect Surety's security interests in any collateral submitted to Surety. Surety shall have the exclusive right to determine if any claim or suit shall be denied, paid, compromised, defended or appealed. An itemized statement of payments made by the Surety shall be prima facie evidence of the obligation of undersigned due to Surety. The undersigned agree that it is their responsibility to defend their own interests.

10. Shortly after executing the Bond, the Surety received a notice of claim on the Bond ("**Claim**") from Polaris Logistics Group, Inc. ("**Claimant**"). The Claim was for $75,000, representing the full penal sum of the Bond. The investigation of the Claim conducted by the Surety included, among other things, requesting Defendants to issue a response to the Claim or to resolve the Claim. Receiving no response from Defendants, the Surety concluded that the Claim should be paid pursuant to the terms of the Bond and applicable law. For that reason, the Surety remitted payment to Claimant for $75,000.

11. On July 29, 2019, the Surety sent Secrest a demand letter requesting that she immediately reimburse the Surety for the payment made to the Claimant. The Surety sent follow-up demands on August 14, 2019, January 6, 2020, and July 23, 2020. True and correct copies of the demand letters are attached hereto collectively as "**Exhibit B**" and fully incorporated herein by reference for all purposes

12. As of the date of this Petition, Defendants have failed or refused to perform their obligations under the Indemnity Agreement by reimbursing Surety as requested.

## II. CONDITIONS PRECEDENT

13. All conditions precedent to recovery by the Surety from the Defendants have occurred or have been performed.

### III.    CAUSES OF ACTION

a.    **Count I: Breach of Contract - Contractual Indemnity**

14.    The Surety hereby restates the facts contained in the foregoing Paragraphs of its Original Petition as if fully set forth herein.

15.    Under Paragraph 3 of the Indemnity Agreement, the Defendants are obligated to indemnify Surety against all losses, liabilities, costs, damages, attorneys' fees and expenses the Surety may incur or has incurred due to the execution and issuance of the Bond.

16.    The Defendants have failed to indemnify Surety against all losses, liabilities, costs, damages, attorneys' fees and expenses the Surety incurred, or to reimburse the Surety for loss incurred under the Bond specific to the Claim.

17.    The failure of the Defendants to indemnify Surety against all losses, liabilities, costs, damages, attorneys' fees and expenses the Surety incurred due to the Claim, and their failure to pay or discharge, when due or as demanded by the Surety, any indebtedness to Claimant constitutes a breach of the Indemnity Agreement.

18.    The breach of the Indemnity Agreement by the Defendants has damaged the Surety equal to the amount paid to resolve the claims of Claimants, fees and costs incurred investigating the claims of Claimants, and fees and costs incurred seeking enforcement of the Indemnity Agreement.

19.    By application of the Indemnity Agreement, the Surety has a right to the entry of judgment against the Defendants in an amount sufficient to indemnify Surety against all losses, liabilities, costs, damages, attorneys' fees and expenses the Surety may incur or has incurred due to the execution and issuance of the Bond.

b. **Count II: Recovery of Attorneys' Fees**

20. The Surety is entitled to recover its attorneys' fees and expenses from the Defendants under the Indemnity Agreement or alternatively, under § 38.001, *et seq.* of the Texas Civil Practice & Remedies Code.

## IV.   REQUEST FOR RELIEF

For those reasons, Plaintiff, American Contractors Indemnity Company d/b/a Texas Bonding Company, respectfully requests that the Defendants be cited to appear and answer herein and, upon final trial thereof, that Surety receive:

   a. Judgment against the Defendants, jointly and severally, in an amount sufficient to fully indemnify Surety against all losses, liabilities, costs, damages, attorneys' fees and expenses the Surety incurred due to the execution and issuance of the Bond;

   b. Attorneys' fees and expenses;

   c. Pre-judgment and post-judgment interest at the maximum rate permissible at law or in equity;

   d. Costs of court; and

   e. Such further relief, both general and specific, as may be appropriate in accordance with the nature of this cause including, but not limited to, pre-judgment and post-judgment interest.

Respectfully submitted,

**WEINSTEIN RADCLIFF PIPKIN LLP**

*/s/ Gregory M. Weinstein*
Gregory M. Weinstein
State Bar No. 21096430
Jacob L. McBride
State Bar No. 24070231
8350 N. Central Expressway, Suite 1550
Dallas, Texas 75206
214-865-6126 Telephone
214-865-6140 Facsimile
gweinstein@weinrad.com
jmcbride@weinrad.com

**ATTORNEYS FOR PLAINTIFF AMERICAN CONTRACTORS INDEMNITY COMPANY D/B/A TEXAS BONDING COMPANY**